Christopher J. Walters
vs.                    No. 61081
Richard Connors

Alice Walters
vs.                    No. 61080
Same

Annie Walters
vs.                    No. 61079
Same

April 30, 1926

BLODGETT, J. Heard upon motions for new trials after verdict of a jury in favor of Christopher J. Walters for $3954.70, and for Alice Walters for $1580, and for Annie Walters for $1020.

The three cases were tried together before a jury.

There is no contention on the part of defendant as to liability and the sole question is as to the amounts awarded the several plaintiffs.

Certain damage was done to the Ford car of plaintiff Christopher, amounting to $134.70 for repairs, and it was claimed the value of the car by reason of the collision was reduced by $200. Deducting $334.70 from $3954.70 leaves the award for personal injuries to plaintiff Christopher $3620.

This plaintiff, a bricklayer, earning $10.80 per day, claimed injuries to his left shoulder and arm, which incapacitated him from pursuing his trade for a period. As to actual loss of wages, plaintiff testified that he loafed during the four winter months, viz: December, January, February and March —or about 19 weeks—and figuring in a general way, this would mean, provided he worked steadily during this entire period, an approximate loss of wages of $1140. This leaves the amount awarded for pain and suffering approximately $2500, as the medical expenses were small.

This plaintiff appeared to the court to be in fair condition and the medical testimony as to his injuries was meager. He admitted that in warm weather his arm did not bother him much.

The court is of the opinion that the verdict for pain and suffering and actual injuries is excessive and that $2500 would be ample compensation for the injuries to himself, his loss of wages and the damage to his automobile.

Unless the plaintiff, Christopher J. Walters, within four days from the filing of this decision remits all of said verdict in excess of $2500, the motion for a new trial is granted.

As to the verdict of $1580 in favor of Alice Walters, a daughter of Christopher and Annie, the court feels the verdict to be excessive.

Testimony showed she complained of bruises, trouble with her eye, and injuries to her back. As to the lat-

ter, it appears she had consulted a doctor previous to the collision. She lost little, if any, time from her work. The court feels $500 would be fair compensation for her injuries.

Unless within four days plaintiff, Alice Walters, remits all of said verdict in excess of $500, motion for a new trial is granted.

The jury awarded Annie Walters, wife of Christopher, $1020. She complained of bruises and a black eye, also of nervousness.

No person can undergo such an experience without receiving a nervous shock. Unless some serious and lasting injury is suffered, however, it is difficult for the court to understand, in the absence of medical testimony and treatment, how such a condition can persist for a period of 18 months or more. It is difficult, further, to understand from the testimony why a jury should have regarded the injuries of Alice, the daughter, more serious than that of the mother.

In the opinion of the court the damages awarded are excessive in view of the testimony. Unless the plaintiff, Annie Walters, within four days of the filing of this petition remits all of said verdict of $1020 in excess of $500, a new trial is granted.

For Plaintiffs: Cooney & Cooney.

For Defendant: Hinckley, Allen, Tillinghast & Phillips.